**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

|  |  |  |
|---|---|---|
|  | ) |  |
| **IN RE: THELMA MAE JENKINS** | ) |  |
|  | ) | **CASE NO. 05-74827** |
|  | ) | **CHAPTER 13** |
|  | ) |  |

## MEMORANDUM DECISION

The matter before the Court is the failure of Debtor's counsel to take timely action to provide certain documentation required by the Chapter 13 Trustee.

The Court finds the following facts: The Chapter 13 Trustee on December 19, 2005 filed her Initial Report following the meeting of creditors and Motion to Dismiss and noticed the same for a hearing on January 23, 2006. Specifically noted in such Report was a request that Debtor's counsel provide a copy of the accounting from the foreclosure sale of certain real estate in which the Debtor might have an interest by reason of possible inheritance. The Court has not been provided with any indication that any effort was made prior to the January 23rd hearing date to obtain such document and supply it to the Trustee. As a result of the January 23, 2006 hearing, this Court entered an order expressly agreed to and endorsed by the Trustee and Debtor's counsel providing that a copy of the foreclosure accounting must be provided to the Trustee within fourteen days of January 23, 2006, and that if such was not accomplished by the continued hearing date of February 21, 2006, "the case will be dismissed on the continued hearing date without further notice or hearing." At the hearing on February 21 counsel for the Trustee advised the Court that the accounting had not been provided. Counsel for the Debtor appeared and stated that the document did not exist, but referred to discussions with the estate's attorney or his office, which the Court understood to refer to an accounting for the estate. Since that hearing Debtor's counsel at the request of the Court has provided a letter

setting forth her efforts to obtain a foreclosure accounting. She has done so and further has provided the advice that no such accounting has yet been prepared by the office of the foreclosing trustee. While such letter satisfies the Court that no such accounting as requested by the Chapter 13 Trustee yet exists, it fails to disclose what efforts were made by counsel or her staff prior to February 21 to obtain such document or to inform the Chapter 13 Trustee prior to such hearing as to the non-existence of such document. In short, much confusion and acrimony could have been avoided and time in court saved by a determination and communication of the facts of the matter in January prior to the January 23rd hearing rather than not until after the February 21 hearing. The Court finds that such failure has delayed the determination of the confirmation of the Debtor's Chapter 13 plan. The Court was requested by counsel for the Chapter 13 Trustee at the February 21 hearing to impose a sanction upon Debtor's counsel for her asserted failure to comply with the Court's January 25, 2006 order. In her letter dated February 23, 2006 to the Court concerning this matter, Debtor's counsel has stated, "If you feel you are justified in reducing my fees, then do so."

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This matter is a "core" bankruptcy proceeding by virtue of 28 U.S.C. § 157(b)(2)(L).

The Court believes that a sanction is appropriate, not for the failure to provide a document which it turned out did not exist, but for the failure of counsel to determine the facts and communicate them in a timely manner to the Chapter 13 Trustee. Under all of the circumstances of this matter, the Court concludes that in light of the considerable uncompensated

professional time expended by counsel following the February 21 hearing to determine the precise facts and circumstances and to prepare a letter to the Court informing it of such information, an appropriate sanction is to reduce the fee otherwise payable to counsel for her other services to the Debtor in this case by the sum of $100.00, which will thereby increase the distribution to creditors, in the event the plan is confirmed, or credited to the Debtor in the event such does not occur. An order to such effect and one setting a new confirmation hearing date shall be entered contemporaneously herewith.

This 1st day of March, 2006.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE